IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORENZA MORENO, and
JOSEPH MORENO,

      Plaintiffs,

    v.                                                                             Case No. 1:20-cv-0270 KWR/JFR

MRUGENDRA GANDHI,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND

THIS MATTER comes before the Court upon Plaintiffs' Motion to Remand to State Court (hereinafter, the "Motion"), filed March 31, 2020 (**Doc. 9**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiffs' Motion is well taken and, therefore, is **GRANTED IN PART**.

## BACKGROUND

This is a medical malpractice case related to a surgery performed on Plaintiff Lorenza Morena by Defendant Dr. Ghandi on January 16, 2017. Plaintiffs filed a complaint in state court on January 10, 2020.

On January 21 and January 29, 2020, the Lake County Sheriff's office attempted to serve Defendant personally at his residence three different times. The deputy noted that whoever was home refused to answer the door. The deputy left his card the first time on January 21 and noted that it was removed when he returned later that day. The deputy did not receive a call from Defendant. Plaintiffs subsequently attempted service a fourth by and mailed the complaint and summons through certified mail to Defendant's home. Someone at Defendant's home with the

last name "Ghandi" signed the certified mail and accepted delivery on February 11, 2020. Defendant filed a notice of removal on March 25, 2020 and asserts that removal was timely because service was never perfected. There are currently multiple pending motions in this case. *See* **Docs. 9-11, 13.**

### DISCUSSION

Defendant removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* 28 U.S.C. § 1446. Diversity jurisdiction requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The sole issue is whether the removal notice was timely. § 1446(b)(1).

Plaintiffs argue that service was effective as of February 11, 2020 and the removal notice was untimely because it was filed more than 30 days after that date, on March 25, 2020. The Court agrees. Defendant does not assert that he did not receive the summons and complaint by certified mail. Rather, Defendant asserts that Plaintiffs failed to follow New Mexico Rule 1-004 in serving process. The Court disagrees and finds that service was perfected on February 11, 2020.

I.     **Removal and Remand Law.**

"Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, *Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D.Kan. 1997).

28 U.S.C. § 1447(c) provides that a motion to remand a case on a basis other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal. The notice of removal was filed on March 25, 2020. Plaintiffs filed their timely motion to remand on March 31, 2020. Therefore, the Court may consider Plaintiffs' motion to remand for procedural defect.

28 USC § 1446(b)(1) requires that notice of removal be filed within 30 days after Defendant receives service. The United States Supreme Court requires Plaintiffs to effectuate service before the 30 days begin to run. *Murphy Bros. v. Michetti Pipe Stringing,* 526 U.S. 344, 347 (1999). If Defendant fails to timely remove, the Court may remand the case pursuant to §1447(c) upon a timely motion by the Plaintiffs. *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1076 (10th Cir. 1999); *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011).

II.     **New Mexico Service Rules.**

The parties agree that New Mexico service rules apply. Because this case originated in New Mexico state courts and the events at issue occurred while this case was in state court, the Court will apply New Mexico state law.

New Mexico Rule 1-004(f) requires service to be effectuated by one of the following methods, in the following order. Service may be made either by (1) personal service on the defendant under Rule 1-004(F)(1)(a), or (2) mailing the process in the method described in Rule 1-004(e)(3) under Rule 1-004(F)(1)(b). If Plaintiffs attempted service through one of those methods but were unsuccessful, Plaintiffs may serve Defendant by delivering a copy of the process "to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." Rule 1-004(F)(2).

III.   **<u>Service was effective February 11, 2020.</u>**

The Court concludes that service was effective on February 11, 2020 for two alternative reasons.

First, the Court finds that (1) personal service was refused under Rule 1-004(F)(1)(a), therefore (2) service by certified mail to Defendant's home was effective pursuant to Rule 1-004(f)(2). The Court finds that the Lake County Sheriff twice attempted service at Defendant's home on January 21, 2020. The deputy left his card the first time on January 21 and noted that the card was removed when he returned later that day. The Sheriff's deputy attempted personal service a third time on January 29 and was again unsuccessful. The sworn affidavit signed by the deputy provided that service was refused. The Court notes that Defendant's affidavit states that he was out of the country beginning on January 22, 2020 but does not explain where he was on January 21. Defendant has not identified how many times a deputy is required to attempt personal service on a defendant, or shown that three times is too few. Therefore, the Court concludes that Plaintiffs attempted personal service but service was refused under Rule 1-004(F)(1)(a).

Because personal service was refused, Plaintiffs were authorized to deliver process to "some person residing at the usual place of abode of the defendant" and mail by "first class mail to the defendant at the defendant's last known mailing address a copy of the process." Rule 1-004(F)(2). On February 11, 2020, certified mail containing the complaint and summons was signed for by someone residing at Defendant's home with the last name "Ghandi". **Doc. 9-4.** Defendant admits through the affidavit that he had multiple family members living in his house, and Plaintiff otherwise provided evidence that family members lived there. **Doc. 16-1.** Defendant has not asserted that any of his family members were 15 years old or younger. Defendant admits that his handyman did not sign for the certified mail. **Doc. 16-1.** Defendant asserts that he was

4

home by February 19.  **Doc. 16-1.**  He asserts he opened his mail on February 21, which included a certified letter containing documents for this lawsuit.  *Id.*

From these facts, the Court finds that (1) a family member residing at Defendant's home accepted delivery of process, (2) that the family member was over the age of 15, and (3) a copy of the complaint and summons were mailed to Defendant's address.  Under these facts, the Court finds that the requirements of Rule 1-004(F)(2) were satisfied.  *See, e.g., Home-Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1017 (10th Cir. 1990) (service upon defendant's cook at defendant's home, when cook may have resided at house, was sufficient to satisfy similar federal statute)*; Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 942 (10th Cir. 1987) ("service at the defendant's usual place of abode by leaving the document with the defendant's wife is a prima facie case of proper service and cannot be contradicted or impeached by the uncorroborated testimony of the defendant.");  *see also Million v. Frank*, 47 F.3d 385, 388 (10th Cir. 1995) (collecting cases) ("Numerous other courts have held that the period for filing begins to run when there has been receipt by a member of plaintiff's household at plaintiff's address, unless the plaintiff establishes equitable considerations which would justify tolling.").   The process was delivered by certified mail to a person over the age of 15 residing at Defendant's place of abode, and Defendant did not assert that his home is not his mailing address.  The Court concludes that Defendant was served on February 11, 2020.  The deadline under § 1446(b)(1) to file the notice of removal was thirty days later.  Therefore, the March 25, 2020 notice of removal was untimely.

Defendant appears to argue that Rule 1-004(F)(2) was not satisfied, because a second copy of the process was not mailed to Defendant's last known address.  However, he does not identify another known mailing address where process should have been sent, or why delivery of the signed, certified mail to Defendant's home address does not satisfy that requirement.

Defendant also argues that he was denied due process. However, Plaintiffs' *fourth* attempt to serve process was successful and Defendant received the complaint and summons. Plaintiffs delivered, by signed, certified mail, process to Defendant's home. That certified mail was clearly signed for by a member of Defendant's household at his home. The mail was accessible to him, but he declined to open it until February 21, 2020. It is clear that Plaintiffs' delivery of the certified mail and service of process upon Defendant was sufficient to actually apprise Defendant of the suit against him and give him a reasonable opportunity to defend. The Court finds that due process and Rule 1-004(E)(1) has been satisfied. *See* Rule 1-004(E)(1) ("[p]rocess *shall* be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.").

Alternatively, the Court concludes that the service was effective under Rule 1-004(F)(1)(b). That rule provides that service may be effectuated by mail provided that defendant or a person authorized "by appointment, by law or by this rule" to accept service of process signs a receipt for the envelope containing the summons and complaint. Rule 1-004(E)(3), (F)(1)(b). The Court finds that service under this rule was satisfied on February 11, 2020 when the certified mail was signed by a member of Defendant's household at his home.

Defendant argues that whoever signed for the certified mail was not authorized to accept service. The Court notes that is not a requirement for service under Rule 1-004(F)(2) but is required for service under Rule 1-004(F)(1)(b) and (E)(3). As explained above, the Court finds that a family member with the last name "Ghandi" signed for the certified mail at Defendant's home. Defendant has not cited to any authority on who is authorized to accept mail for an individual. On a motion to remand, Defendant has the burden to show that removal is appropriate

and all doubts are resolved in Plaintiffs' favor. *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir.1982) (citations omitted) ("Removal statutes are to be strictly construed, and all doubts are to be resolved against removal."); *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995) ("[T]here is a presumption against removal jurisdiction."). In the absence of any cited authority otherwise, the Court concludes that it may presume a competent family member over the age of 15 residing at Defendant's home, who accepts service at Defendant's home is "authorized" to accept service. *Cf. Nikwei v. Ross Sch. of Aviation, Inc.*, 822 F.2d 939, 941 (10th Cir. 1987) ("proper mailing of the summons and complaint raises a rebuttable presumption of due delivery to the addressee.").

## IV.     **Attorney Fees.**

Plaintiffs request attorney fees, asserting that removal was not objectively reasonable. The Court disagrees. Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id., cited in Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011). "The standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Garrett v. Cook*, 652 F.3d 1249, 1254 (10th Cir. 2011), *quoting Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1,* 607 F.3d 1251, 1253 (10th Cir. 2010). An untimely removal notice may be grounds for attorney fees. *Id.*

The Court finds it was reasonable for Defendant to believe that service was not yet perfected and therefore that the removal notice was timely. Neither party cited to binding New Mexico Supreme Court case law that was dispositive of the service issues in this case. The

resolution of the service issues required factual findings by the Court on the evidence submitted by the parties. The Court finds that Defendant had a reasonable basis to contest service based on his version of the facts. To the extent Plaintiffs argue that Defendant committed fraud on the court, the Court declines to so find. The Court concludes that the removal was objectively reasonable and declines to award attorney fees.

## CONCLUSION

The Court concludes that the notice of removal was untimely pursuant to § 1446(b)(1). Therefore, the Court remands this case back to state court pursuant to § 1447(c). The Court denies Plaintiffs' request for attorney fees, as the removal was objectively reasonable.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Remand **(Doc. 9)** is hereby **GRANTED IN PART** for the reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Fourth Judicial District Court, San Miguel County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

**IT IS FINALLY ORDERED** that the remaining pending motions **(Docs. 10, 11, 13)** are **DENIED WITHOUT PREJUDICE AS MOOT.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE